NOT FOR PUBLICATION

FILED

NOV 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QI CAO,<br><br>     Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>     Respondent. | No. 12-73129<br><br>Agency No. A087-877-766<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:  LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

  Qi Cao, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture. We

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Ren v. Holder*, 648 F.3d 1079, 1084-85 (9th Cir. 2011).  We grant the petition for review and remand.

The agency denied Cao's claims based an adverse credibility determination.  The agency's implausibility finding regarding Cao's employment verification letter is based on speculation and conjecture.  *See Jibril v. Gonzales*, 423 F.3d 1129, 1136 (9th Cir. 2005) (rejecting adverse credibility finding where IJ's conclusions rested on "speculation and conjecture").  Further, the agency mischaracterized the evidence in finding that Cao admitted she told her mother and boyfriend what to write in their letters, and in finding the letters were similar.  *See Tekle v. Mukasey*, 533 F.3d 1044, 1052-55 (9th Cir. 2008) (IJ mischaracterized the evidence).  Thus, substantial evidence does not support the agency's adverse credibility determination.  *See Ren*, 648 F.3d at 1089.

We remand this case to the BIA, on an open record, for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**